## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| JR MEDIA CO., LLC and | ] | |
| CHRISTA HURLEY, | ] | |
| | ] | |
| Plaintiffs/Counter-Defendants, | ] | |
| | ] | Civil Action File No.: |
| v. | ] | 2:25-cv-00036-LGW-BWC |
| | ] | |
| VERDE OUTDOOR MEDIA, LLC, | ] | |
| | ] | |
| Defendant/Counter-Plaintiff. | ] | |

---

## ANSWER AND COUNTERCLAIM

---

In accordance with Fed. R. Civ. P. 8 and 12 (and as otherwise provided by law), Verde Outdoor Media, LLC ("VOM") responds to JR Media Co., LLC and Christa Hurley's (collectively, "Plaintiffs") Petition for Declaratory Judgment (the "Complaint"), showing the Court as follows:

As a preliminary matter, VOM asserts the following defenses, reserving the right to supplement or amend its defenses as permitted by law or otherwise:

1.     Plaintiffs' Complaint (and each cause of action stated in it) fails to state a claim upon which relief may be granted.

2.     Because this action was removed to federal court, the Georgia Declaratory Judgment Act, O.C.G.A. § 9-4-1 *et seq.*, has no application to this action.

3. As an action properly removed from state court, the federal Declaratory Judgment Act, 28 U.S.C. § 2201, controls Plaintiffs' request for declaratory relief.

4. The Court has discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject-matter jurisdiction prerequisites. The Court should not exercise its discretion to entertain Plaintiffs' claim for declaratory relief, in part, because of the defenses asserted herein.

5. Attorneys' fees and litigation costs under O.C.G.A. § 13-6-11 are not recoverable in a declaratory judgment action, in part, because uncertainty is a requirement to maintain a claim for declaratory relief.

6. At no time has VOM acted in bad faith, been stubbornly litigious, or caused Plaintiffs any unnecessary trouble or expense.

7. There is no uncertainty or insecurity with respect to the parties' rights, status, or other legal relations.

8. Rights and liabilities under the Contract have already accrued and vested, and there is no uncertainty as to future action.

9. A declaratory judgment is not appropriate because an action for breach will give full and complete relief.

10.    There is no need for guidance from the Court as Plaintiffs have already acted in defiance as to the Contract, in part, by refusing to return money owed to VOM.

11.    A declaratory judgment action may not be used to test defenses to a contractual liability (*e.g.*, whether a purported "Force Majeure Event" tolls or excuses performance), which is what Plaintiffs are trying to do in this action.

12.    Even if there were a "Force Majeure Event" as alleged by Plaintiffs concerning the CHS2 sites, Plaintiffs are not entitled to retain their entire pro-rata share of the purchase price for the CHS2 sites because Plaintiffs were required under the Contract to "pay directly all costs of development, permitting and construction of each of the Permitted Development Sites and Unpermitted Development Sites," including for the CHS2 sites.  Contract § 1.03(b)(i)(A). Therefore, it would be unfair, unjust, inequitable, and otherwise a breach of the Contract for Plaintiffs to receive the benefit of the Contract (*i.e.*, their entire pro-rata share of the purchase price for the CHS2 sites) and not the burden (*i.e.*, their pro-rata share of the costs to develop, permit, and construct the CHS2 sites) in the event of a "Force Majeure Event."  Therefore, if the Court awards Plaintiffs the relief they seek, they should still be required to pay VOM their pro-rata share of the costs to develop, permit, and construct the CHS2 sites.

13.    The Complaint may be barred, in whole or in part, by the doctrines of estoppel, laches, acquiescence, and/or waiver.

14.    The Complaint may be barred, in whole or in part, due to unclean hands and/or unjust enrichment.

15.    The Complaint may be barred, in whole or in part, by Contract.

16.    No "Force Majeure Event" occurred as defined by the Contract.

17.    A "Force Majeure Event" as defined by the Contract contemplated an event that *reasonably* delayed the construction and/or operation of certain billboard sites.  No such reasonable delay occurred here.

18.    Plaintiffs failed to satisfy one or more conditions precedent, which were not waived or otherwise excused.

19.    The Complaint is an impermissible shot-gun pleading.

VOM responds to the specific allegations set forth in the numbered paragraphs of Plaintiffs' Complaint as follows:

### **Parties, Jurisdiction, and Venue**

1.    Upon information and belief, VOM admits that JR Media Co., LLC is a Georgia limited liability company.  VOM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 1 of the Complaint.

2.      Upon information and belief, VOM admits the allegations contained in paragraph 2 of the Complaint.

3.      VOM admits the allegations contained in paragraph 3 of the Complaint.

4.      VOM admits the allegations contained in paragraph 4 of the Complaint.

5.      VOM admits the allegations contained in paragraph 5 of the Complaint.

6.      VOM admits the allegations contained in paragraph 6 of the Complaint.

7.      VOM denies that "a substantial part of the events giving rise to the present dispute and the business related to the Agreement was transacted in Glynn County, Georgia." VOM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 7 of the Complaint.

8.      VOM admits the allegations contained in paragraph 8 of the Complaint.

9.      VOM admits the allegations contained in paragraph 9 of the Complaint.

10.     VOM admits that venue is proper in the United States District Court, Southern District of Georgia, Brunswick Division.  All remaining allegations of paragraph 10 of Plaintiffs' Complaint are denied.

**Factual Allegations**

11.     VOM adopts and incorporates its defenses and responses to paragraphs 1 – 10 of the Complaint as if set forth fully herein.

12.     VOM admits the allegations contained in paragraph 12 of the Complaint.

13.     VOM admits the allegations contained in paragraph 13 of the Complaint.

14.     VOM admits the allegations contained in paragraph 14 of the Complaint.

15.     VOM admits the allegations contained in paragraph 15 of the Complaint.

16.     VOM admits the allegations contained in paragraph 16 of the Complaint.

17.     VOM admits the allegations contained in paragraph 17 of the Complaint except that VOM denies that a Schedule 3 is attached to Exhibit A to the Complaint.

18.    VOM admits the allegations contained in paragraph 18 of the Complaint.

19.    VOM admits the allegations contained in paragraph 19 of the Complaint except that VOM denies that a Schedule 3 is attached to Exhibit A to the Complaint.

20.    VOM admits the allegations contained in paragraph 20 of the Complaint.

21.    VOM admits the allegations contained in paragraph 21 of the Complaint.

22.    VOM admits the allegations contained in paragraph 22 of the Complaint except that Plaintiffs (and others) had potential refund obligations of the Purchase Price.

23.    VOM admits the allegations contained in paragraph 23 of the Complaint except that the amount allocated to Plaintiff JR Media Co., LLC was $10,916,945.69 and Plaintiffs (and others) had potential refund obligations of the Purchase Price.

24.    VOM admits the allegations contained in paragraph 24 of the Complaint except that the amount allocated to Plaintiff Christa Hurley was $16,375,418.54 and Plaintiffs (and others) had potential refund obligations of the Purchase Price.

25.     VOM admits the allegations contained in paragraph 25 of the
Complaint.

26.     VOM admits the allegations contained in paragraph 26 of the
Complaint.

27.     VOM admits the allegations contained in paragraph 27 of the
Complaint.

28.     VOM admits the allegations contained in paragraph 28 of the
Complaint except that VOM denies that there was a "Force Majeure Event" and
denies that there was tolling of timelines under the Contract.

29.     VOM admits the allegations contained in paragraph 29 of the
Complaint.

30.     VOM admits the allegations contained in paragraph 30 of the
Complaint.

31.     VOM admits the allegations contained in paragraph 31 of the
Complaint.

32.     VOM admits the allegations contained in paragraph 32 of the
Complaint except that VOM denies the Purchase Price paid to Plaintiffs for CHS7
was $3,285,164.76.

33.    VOM admits the allegations contained in paragraph 33 of the Complaint expect that VOM denies that there was a "Force Majeure Event" as defined under the Contract and thus there was no tolling under the Contract.

34.    VOM admits the allegations contained in paragraph 34 of the Complaint expect that VOM denies that there was a "Force Majeure Event" as defined under the Contract and thus there was no tolling under the Contract.

35.    VOM admits the allegations contained in paragraph 35 of the Complaint.

36.    VOM admits the allegations contained in paragraph 36 of the Complaint.

37.    VOM admits the allegations contained in paragraph 37 of the Complaint.

38.    VOM admits the allegations contained in paragraph 38 of the Complaint.

39.    VOM admits the allegations contained in paragraph 39 of the Complaint but denies that the allegations are applicable to the CHS2 sites.

40.    VOM admits the allegations contained in paragraph 40 of the Complaint but denies that the allegations are applicable to the CHS2 sites.

41.    VOM admits the allegations contained in paragraph 41 of the Complaint but denies that the allegations are applicable to the CHS2 sites.

42.     VOM denies the allegations contained in paragraph 42 of the Complaint .

43.     VOM admits the allegations contained in paragraph 43 of the Complaint but denies that the allegations are applicable to the CHS2 sites.

44.     VOM denies the allegations contained in paragraph 44 of the Complaint as not applicable to the CHS2 sites.

45.     VOM denies the allegations contained in paragraph 45 of the Complaint as not applicable to the CHS2 sites.

46.     VOM admits the allegations contained in paragraph 46 of the Complaint except that VOM denies the amount in dispute is $1,305,282.67.

47.     VOM admits the allegations contained in paragraph 47 of the Complaint.

48.     VOM denies the allegations contained in paragraph 48 of the Complaint.

49.     VOM lacks knowledge or information sufficient to form a belief about the truth the allegations contained in paragraph 49 of the Complaint.

50.     VOM lacks knowledge or information sufficient to form a belief about the truth the allegations contained in paragraph 50 of the Complaint.

51.     VOM lacks knowledge or information sufficient to form a belief about the truth the allegations contained in paragraph 51 of the Complaint.

52.     VOM lacks knowledge or information sufficient to form a belief about the truth the allegations contained in paragraph 52 of the Complaint.

53.     VOM denies the allegations contained in paragraph 53 of the Complaint as phrased.

54.     VOM denies the allegations contained in paragraph 54 of the Complaint as phrased.

55.     VOM denies the allegations contained in paragraph 55 of the Complaint as phrased.

56.     VOM lacks knowledge or information sufficient to form a belief about the truth the allegations contained in paragraph 56 of the Complaint.

57.     VOM denies the allegations contained in paragraph 57 of the Complaint.

58.     VOM denies the allegations contained in paragraph 58 of the Complaint.

59.     VOM denies the allegations contained in paragraph 59 of the Complaint.

60.     VOM admits the allegations contained in paragraph 60 of the Complaint.

61.     VOM denies the allegations contained in paragraph 61 of the Complaint.

62.    VOM denies the allegations contained in paragraph 62 of the Complaint.

63.    VOM admits  the City of North Charleston did not issue permits for five (5) billboard sites composing the CHS7 billboard sites; the remaining allegations contained in paragraph 63 of the Complaint are denied as phrased.

64.    VOM denies the allegations contained in paragraph 64 of the Complaint.

65.    VOM admits that it gave another Seller a credit for certain billboard sites; the remaining allegations contained in paragraph 65 of the Complaint are denied as phrased.

66.    VOM admits the allegations contained in paragraph 66 of the Complaint.

67.    VOM admits the allegations contained in paragraph 67 of the Complaint except that VOM denies Plaintiffs' allegations that the Contract and intent of the parties requires VOM to pay Plaintiffs for the CHS2 sites.

68.    VOM denies the allegations contained in paragraph 68 of the Complaint.

### Count 1: Declaratory Judgment

69.    VOM adopts and incorporates its defenses and responses to paragraphs 1 – 68 of the Complaint as if set forth fully herein.

70.    VOM admits the allegations contained in paragraph 70 of the Complaint.

71.    VOM admits the allegations contained in paragraph 71 of the Complaint.

72.    VOM admits the allegations contained in paragraph 72 of the Complaint.

73.    VOM admits the allegations contained in paragraph 73 of the Complaint.

74.    VOM admits the allegations contained in paragraph 74 of the Complaint except that VOM denies that there was a "Force Majeure Event" that tolled the deadlines under the Contract.

75.    VOM denies the allegations contained in paragraph 75 of the Complaint.

76.    VOM denies the allegations contained in paragraph 76 of the Complaint.

77.    VOM admits that it gave another Seller a credit for certain billboard sites except that VOM denies the remaining allegations contained in paragraph 77 of the Complaint, including that there was a "Force Majeure Event" that tolled the deadlines under the Contract.

78.    VOM denies the allegations contained in paragraph 78 of the Complaint.

79.    VOM denies the allegations contained in paragraph 79 of the Complaint.

80.    VOM denies the allegations contained in paragraph 80 of the Complaint, including its sub-paragraphs.

Each and every allegation contained in the Complaint that is not specifically admitted or denied by VOM above is denied.  VOM further denies that Plaintiffs are entitled to any of the relief or damages prayed for in the Complaint (including in the *ad damnum* clause) or to any other relief or damages whatsoever based on the allegations set forth in the Complaint.

**WHEREFORE**, VOM respectfully prays that:

1.    Plaintiffs' Complaint be dismissed with prejudice;

2.    VOM be awarded its costs and attorneys' fees incurred in defending this action as permitted under O.C.G.A. § 13-6-11, the Contract, or otherwise; and

3.    The Court enter such other and further relief as it deems just and proper under the circumstances.

## The Counterclaim

In accordance with Fed. R. Civ. P. 13 and as otherwise required by law, VOM asserts this counterclaim against Plaintiffs, showing the Court as follows:

- 14 -

1.      Plaintiffs have availed themselves to the jurisdiction and venue of this Court by filing this action, which was properly removed to this Court.

2.      The Court has subject-matter jurisdiction over this action (including this counterclaim) in accordance with 28 U.S.C. §§ 1442, 1441, 1446 and as otherwise provided by law.

3.      All conditions precedent were performed or occurred or otherwise were waived or excused.

### Count 1:      Breach of Contract

4.      VOM adopts and incorporates paragraph 1 – 3 of its counterclaim as if set forth verbatim here.

5.      VOM and Plaintiffs (among others) entered into a Membership Interest Purchase Agreement (the "Contract") in 2021.  The Contract is attached to Plaintiffs' Complaint as **Exhibit A** (less the schedules) and is adopted and incorporated herein by reference.

6.       Among other things, the Contract provides that Plaintiffs shall pay VOM their respective portion of the  "Net Adjustment" if it "decreases the Purchase Price."  Contract § 1.03(b)(i)(D).

7.      Net Adjustments were calculated, reviewed, and approved by the parties, which reduced the Purchase Price for the membership interests transferred pursuant to the Contract, and the parties refunded amounts due each other in

compliance with the Contract with respect to all matters other than two billboards in North Charleston, South Carolina, referred to as the "CHS2 sites".

8.    The Net Adjustment for the CHS2 sites decreased the Purchase Price paid to Plaintiffs by $1,356,358 (the "Refund").

9.    In accordance with the Contract, Hurley owes VOM $813,815 for her share of the Net Adjustment decrease of the Purchase Price of the CHS2 sites, and JR Media Co., LLC owes VOM $542,543 for its share of the Net Adjustment decrease of the Purchase Price for the CHS2 sites.

10.    Despite multiple demands, Plaintiffs have failed to pay VOM their respective shares of the Net Adjustment decrease of the Purchase Price for the CHS2 sites.

11.    Plaintiffs, therefore, have breached the Contract, causing VOM damages in excess of $75,000.00 for their failure to pay the Refund.

### Count 2:    Breach of Contract (Alternative)

12.    VOM adopts and incorporates paragraph 1 – 3 of its counterclaim as if set forth verbatim here.

13.    If the Court finds that there was a "Force Majeure Event" as alleged in the Complaint, Plaintiffs are not entitled to retain their entire pro-rata share of the purchase price for the CHS2 sites because Plaintiffs were required under the Contract to "pay directly all costs of development, permitting and construction of

each of the Permitted Development Sites and Unpermitted Development Sites," including for the CHS2 sites.  Contract § 1.03(b)(i)(A).

14.     Plaintiffs cannot receive the benefit of the Contract (*i.e.*, their pro-rata share of the purchase price for the CHS2 sites) and not the burden (*i.e.*, their pro-rata share of the costs to develop, permit, and construct the CHS2 sites) in the event of a "Force Majeure Event."

15.     Therefore, if the Court awards Plaintiffs the relief they seek, Plaintiffs must pay VOM their pro-rata share of the costs to develop, permit, and construct the CHS2 sites as required under the Contract or otherwise.

**WHEREFORE**, VOM respectfully prays that the Court:

1.     Enter a judgment against Plaintiffs in an amount to be proven at the trial of this action, including its attorneys' fees under O.C.G.A. § 13-6-11, the Contract, or as otherwise provided by law; and

2.     Award VOM any additional damages and/or relief that it believes is just and proper under the circumstances.

This 17th day of March, 2025.

**MILLER & MARTIN PLLC**

By: */s/ Michael P. Kohler*
     Michael P. Kohler
     Georgia Bar No. 427727

1180 W. Peachtree Street, N.W., Suite 2100
Atlanta, Georgia 30309-3407
Tel. No.: (404) 962-6100
Fax No.: (404) 962-6300
Email: michael.kohler@millermartin.com

*Attorneys for Defendant*

**Certificate of Service.** I hereby certify that on the below date this document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record, including:

    Jason M. Tate
    Roberts Tate, LLC
    2487 Demere Rd., Suite 400
    St. Simons Island, Georgia, 31522
    Email: jtate@robertstate.com

This 17th day of March, 2025.

**MILLER & MARTIN PLLC**

By: */s/ Michael P. Kohler*
     Michael P. Kohler
     Georgia Bar No. 427727